STANDARD OIL COMPANY OF NEW JERSEY, a corporation of the State of New Jersey, complainant-appellant,

*v.*

CITY OF NEWARK, a municipal corporation of the State of New Jersey, defendant-respondent.

[Submitted October term, 1939.   Decided February 5th, 1940.]

*Mr. William J. Egan* (*Mr. Robert L. Wood,* of counsel), for the complainant-appellant.

*Mr. James F. X. O'Brien* (*Mr. Simon Englander,* of counsel), for the defendant-respondent.

*Mr. Thomas L. Parsonnet,* for Commissioner Vincent J. Murphy, *amicus curiæ.*

The opinion of the court was delivered by

PORTER, J.

The relief sought by the bill of complaint in this case was to reinstate a lease between the parties or in the alternative to compel the respondent to pay the appellant $25,000 in accordance with the provision of a contract between them.

The matter was heard by Vice-Chancellor Bigelow who advised a decree denying either relief prayed for. The appeal is from the decree so advised.

The facts are not in dispute. It appears that on March 22d, 1929, the respondent leased to appellant land in its airport for a term of ten years expiring March 31st, 1939, with an option of renewal by appellant for an additional period of ten years provided that the option be exercised prior to October 1st, 1938. It did not do so. It had erected a hangar on the demised premises at an alleged cost of $68,000. On May 9th, 1938, a written agreement was entered into between the parties providing that the lease and all rights thereunder be canceled and surrendered as of April 1st, 1938, and that the respondent pay to the appellant $25,000 and to retain the said hangar. A verbal agreement to the same effect had previously been made, *i. e.,* in February, 1938, and the respondent, by action of the city commission on February 16th, 1938, duly ratified and approved it. On September 7th, 1938, the city commission adopted an ordinance authorizing a bond issue of $125,000 for airport improvements intending to pay therefrom the $25,000 due the appellant under the said contract.

On January 18th, 1939, the city commission by resolution approved the said contract and appropriated $25,000, for the purpose of complying therewith. On January 25th, 1939, the commission authorized bids for demolishing the buildings on the demised premises. On March 1st, 1939, the city commission again approved the said contract. The authorized bonds were duly issued and sold.

The city commissioner who occupies the position of director of the department of revenue and finance refused to pay the appellants the $25,000 as provided in the contract. A writ of *mandamus* seeking to compel him to do so was applied for and refused.

The appellant found itself in the position of being unable to secure from the respondent the money it had agreed to pay nor the right to renew the lease, having failed to exercise its option within time because of having already agreed with respondent to a cancellation of the lease and a surrender of the premises and buildings thereon. Hence its instant suit in Chancery for relief.

The attorneys for the respondent come into this court and agree that the equities are with the appellant and that the decree be reversed with instruction that the contract be performed by the payment of the $25,000 rather than that appellant be permitted to exercise its option for a renewal of the lease as of time.

The said commissioner, director of revenue and finance, is not in accord with those views. With the permission of the court his views are presented by independent counsel as *amicus curiæ*. His argument is that the resolution of February 16th, 1938, ratifying and approving the contract was void because no appropriation had been made in violation of law. *R. S. 40:2-29*. The same also being true of later resolutions to the same effect. He also argues that the bond resolution of September 7th, 1938, was ineffective for the payment of the money because by its terms it was for the purpose of securing funds for improving the airport but not to pay for the cancellation of the lease nor for the buildings. *R. S. 40:1-60*.

The learned vice-chancellor found that the money was not properly appropriated nor provided for in the said bond reso-

lution. With those views we are in accord. We think, however, that he fell into error in holding that the appellant had no equitable right to a renewal of the lease; that its failure to give notice that it proposed to renew within the time stated in the lease was not caused by any mistake of law or fact "but was due to carelessness or to the confidence that the city commission in the future would take whatever action might be necessary to give complainant a cause of action for $25,000." It seems to us that after making a contract with the respondent which we must assume was mutually advantageous to both parties that it was fully justified in believing that the terms of the contract would be complied with by respondent and that all necessary legal steps to effectuate its consummation would be properly taken. It was not its duty nor responsibility to draft the necessary resolutions nor do we think that it was in any way a party to any lack of efficiency in the way the same were prepared. From aught that appears the contract was made in good faith. The city commission had power to act and to make a binding agreement. Even assuming that the appellants had knowledge that the respondent had failed to take the necessary legal steps it could not fairly be said that it would believe or anticipate that those irregularities would not be corrected and the obligation of the contract carried out. The situation which existed was not of its creation but due entirely to the fault of the respondent.

The respondent ought not in equity and good conscience in the circumstances be permitted to have the advantage it now possesses.

The contract as we have said is void and so cannot be enforced in equity nor at law. Nonetheless we conclude that under the broad equitable powers of the court the complainant is entitled to relief and that equity should decree that it be allowed to exercise its option to renew the lease as of time on the theory that it had failed to do so under a misapprehension of its rights due to the action or failure to act by the respondent as it should in equity and good conscience have acted.

The decree will be modified in accordance with these views.

*For affirmance*—PERSKIE, WELLS, JJ.   2.

*For modification*—THE CHIEF-JUSTICE, TRENCHARD, CASE, BODINE, DONGES, HEHER, PORTER, HETFIELD, DEAR, WOLFS-KEIL, RAFFERTY, HAGUE, JJ.   12.